UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALFREDO LONGORIA and JUNE LONGORIA, a married couple, et al.,<br><br>Plaintiff,<br><br>v.<br><br>HAROLD CLARKE, Secretary, Department of Corrections, et al.,<br><br>Defendant. | Case No. C07-5275RJB<br><br>ORDER ON PLAINTIFFS' MOTION TO AMEND COMPLAINT AND TO REMAND |

This matter comes before the court on plaintiffs' Motion to Amend Complaint and to Remand. Dkt. 5. The court has considered the motion, the response in opposition to the motion, and the remainder of the file herein.

On May 4, 2007, plaintiffs Alfredo Longoria and June Longoria; Elaine Harmon; Amy Howard; Thomas Lowry and Christal Lowry; Dorothy Butcher and Jerrold Butcher; Peter Hall; Carol Wilson and Milosia Wilson; Anthony Killingsworth and Laura De Killingsworth; Eli Aguirre; and Frank Longoria and Aneta Longoria filed a civil action in Thurston County Superior Court against officials and employees of the Washington Department of Corrections. Dkt. 1, 1-8. The named defendants are Harold Clarke, Secretary, Department of Corrections; the Department of Corrections; the State of Washington; Daniel Pacholke and "Jane Doe" Pacholke, a married couple; Georgia Harvey and "John Doe" Harvey, a married couple; Donald Lynch; Alfred Fitzgerald and "Jane Doe" Fitzgerald, a married couple; Jack Dolman and "Jane Doe" Dolman, a married couple; Thomas Barte and "Jane Doe" Barte, a married couple; Charles Crosslin and

"Jane Doe" Crosslin, a married couple; Victoria Briggs and "John Doe" Briggs, a married couple; and James Erwick. Dkt. 1, 1-8. The complaint alleges that defendants discriminated against plaintiffs, who were and are, employees of the Department of Corrections at Cedar Creek Corrections Center, on the basis of race, ethnicity, gender and/or age. *Id.* The complaint alleges causes of action for violation of the Washington Law Against Discrimination (WLAD), Chapter 49.60 RCW; aiding abetting defendants in violating the WLAD; and negligent supervision. *Id.*

On May 31, 2007, defendants removed the case to federal court on the basis that the "case involves a claim that the named defendants violated state and federal laws, violated the terms of a union contract and a collective bargaining agreement and involves allegations that venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1367, and 28 U.S.C. § 1391 and plaintiffs demanded a jury trial pursuant to 423 [sic] U.S.C. § 1981 and 1983 as well as related state law claims." Dkt. 1-6, at 2.

<u>RELEVANT PROCEDURAL HISTORY</u>

On February 22, 2006, plaintiffs filed in this court a Complaint for Damages and Injunctive Relief against the State of Washington and several named defendants, *Longoria et al. v. Harold Clarke, et al.*, C06-5098RBL. The complaint named the following defendants: Harold Clarke, Secretary, Department of Corrections; the Department of Corrections; the State of Washington; Daniel Pacholke and Jane Doe Pacholke, a married couple; Georgia Harvey and John Doe Harvey, a married couple; Donald Lynch, and "____" 1-10, unknown Administrator or Supervisor, and "____" 11-20 unknown Correctional Captain, Lieutenant, Sergeant or Officer. C06-5098RBL, Dkt. 8-2, at 2. The court ordered that joinder of parties was due by August 4, 2006; none of the unknown "Doe" defendants were named as parties by the date set in the court's scheduling order. C06-5098RBL, Dkt. 12. The complaint alleged that defendants discriminated against plaintiffs, who were employees of the Department of Corrections at Cedar Creek Corrections Center, on the basis of race, ethnicity, gender and/or age. The complaint alleged violation of civil rights under 42 U.S.C. §§ 1981, 1985(3), and 2000(e); and gender and/or race discrimination under RCW 49.44.090, 49.60.180, and 49.60.210. C06-5098RBL, Dkt. 1. At a motion hearing on April 2, 2007, Judge Leighton granted plaintiffs' attorney's motion for a voluntary nonsuit and dismissed the case with prejudice. See C06-5098RBL, Dkt. 103. The April 2, 2007 order provided in relevant part as follows:

> The Title VII claim of the Plaintiffs and the 42 U.S.C. 1985 claim of the Plaintiffs and all remaining claims in this cause ARE and the SAME SHALL BE DISMISSED pursuant to FRCP 42(a)(2) with

ORDER
Page - 2

1 prejudice.
2 C06-5098RBL, Dkt. 104, at 3.

3 All of the defendants named in the C06-5098RBL are named in the current suit before this court.
4 The complaint in this case also names six new individual defendants and their spouses. The factual
5 allegations in this case are identical to the complaint that had been filed in C06-5098RBL (with the
6 exception of numbering and the addition of factual allegations related to Amy Howard). The proposed
7 amended complaint eliminates references to "federal" law and regulations, and eliminates reference to
8 federal jurisdictional statutes.

## MOTION

10 On June 18, 2007, plaintiffs filed a Motion to Amend Complaint and to Remand (Dkt. 5) and a
11 proposed Amended Complaint for Damages and Injunctive Relief (Dkt. 6). Plaintiffs request that the court
12 permit them to file an amended complaint, deleting certain references to federal law in order to pursue this
13 action under the state law of Washington. Dkt. 5, at 1-2. Plaintiffs request that the court grant the motion
14 to remand the case to state court because the amended complaint makes it clear that only state claims are at
15 issue. Plaintiffs contend that the references to federal law in the original complaint were inadvertent and
16 were removed in the amended complaint. According to plaintiffs, the federal court did not have jurisdiction
17 over the original complaint, which pled causes of action under state law, not federal law, even though there
18 were some inadvertent references to federal law in the original complaint.

19 Defendants do not oppose the motion to amend with regard to the claims pled by plaintiff Amy
20 Howard, and they do not oppose remand of her individual claims to state court. Accordingly, the court
21 should grant the motion to amend with regard to the allegations and claims relating to Amy Howard, and
22 should grant the motion to remand her claims to state court. The remainder of this order addresses the
23 claims made by the remaining plaintiffs in this case.

24 Defendants oppose the motion to amend and motion to remand. Defendants contend that the court
25 should retain jurisdiction over this case; deny the motion to amend as futile, since the claims are barred by
26 res judicata; deny the motion to remand; and dismiss the case. Dkt. 7.

27 In their reply, plaintiffs contend that merely adding the word "federal" to the complaint in various
28 places does not confer jurisdiction on this court, particularly when there is no reference to the federal law at

issue. Dkt. 9.  Plaintiffs argue that the references to federal law are collateral and incidental, and that it is clear from the face of the complaint filed in state court that only state causes of action are claimed. Plaintiffs maintain that the state court should resolve any issue of res judicata or collateral estoppel.  Finally, plaintiffs contend that, although a judgment was entered in federal court in C06-5098RBL, "the Order that was entered specifically dismissed federal claims but did not specifically dismiss state claims." Dkt. 9, at 2. Plaintiffs contend that, following defendants' late-filed motion to dismiss on the basis that some of the plaintiffs had not obtained a right to sue letter as a predicate to pursuing a civil rights action in federal court, the parties reached an agreement that an order on voluntary non-suit should be entered in lieu of the court's consideration of the motion to dismiss.  Dkt. 10, at 2.  Finally, plaintiffs contend that this state court action pleads a state claim not plead in C06-5098RBL: violation of RCW 49.60.220 (aiding and abetting others to violate the WLAD).

<div align="center">DISCUSSION</div>

**1. Jurisdiction**

In determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint as of the time the removal petition was filed.  *O'Halloran v. Uiv. of Wash*., 856 F.2d 1375, 1379 (9th Cir. 1988).  Jurisdiction is based on the complaint as originally filed and not as amended. *Id*.  *See also Sparta Surgical Corp. V. Nat'l Ass'n of Sec. Delaers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998)(post-removal amendments to the pleadings cannot affect whether case is removable, because propriety of removal is determined solely on the basis of the pleadings filed in state court).

In this case, the complaint filed in state court demanded "a jury trial, pursuant to 42 U.S.C. § 1981 and 1983."  The complaint further alleges that (1) Harold Clarke is responsible for ensuring that the agency complies with all state and federal laws and regulations; (2) the Department of Corrections receives state and federal funds...for the purposes established by state and federal law...; (3) the State of Washington is the single governing entity recognized under the U.S. Constitution and federal law to exercise sovereign power within its boundaries so long as the exercise does not conflict with federal law or the U.S. Constitution; and (4) eight of the nine other individual defendants violated plaintiffs' employment rights under state and federal law (the allegations against Georgia Harvey and John Doe Harvey cite only state law) (*See* original complaint, Dkt. 1-8, at ¶¶ III.O, III.Q, III.R, III.S., III.T. III.U., III.V. And III.W).  The factual allegations

ORDER
Page - 4

identify plaintiffs' protected classes, and allege the actions that serve as the basis for the illegal conduct. *See* original complaint, Dkt. 1-8, at Section IV, at 4.A.12; 4.B. 13 through 21. Under the Causes of Action section of the original complaint, plaintiffs do not reference federal law; they allege state law claims violation of the WLAD, RCW 49.60; aiding and abetting under the WLAD, RCW 49.60.220; and negligent supervision. *See* original complaint, Dkt. 1-8, at Sections V, VI, and VII.

Pursuant to Washington's Civil Rule 8, a party to a lawsuit need not specifically list the cause of action to obtain recovery if the facts supporting the claim were properly pleaded. *Waller v. State*, 64 Wn.App. 318, 337 (1992). Further, under the law of this circuit, specific legal theories need not be pleaded so long as sufficient factual averments show that the plaintiff may be entitled to some relief. *Fontana v. Haskin*, 262 F.3d 871, 877 (9th Cir. 2001).

In this case, the complaint filed in Thurston County Superior Court cited 42 U.S.C. §§ 1981 and 1983 in the Jurisdiction and Venue section of the complaint, and also repeatedly alleged that individual defendants violated plaintiffs' employment rights under state and *federal* law. Even though plaintiffs did not plead violation of federal law in the Causes of Action section of the original complaint, the specific factual allegations sufficiently support claims under both federal and state law against discrimination in employment. In fact, virtually identical factual allegations were plead in C06-5098RBL to support claims under 42 U.S.C. §§ 1981, 1985(3) and 2000(e). Even though the original complaint in this case did not list federal claims in the Causes of Action section, the complaint sufficiently plead a factual basis to support liability under federal law. Accordingly, the court has jurisdiction over this case.

**2. Amendment and Remand**

Plaintiffs request that the court permit them to amend the original complaint to delete references to violation of federal law. *See* Dkt. 6, proposed Amended Complaint for Damages and Injunctive Relief. Defendants contend that amendment of the complaint is futile because the claims are barred by *res judicata*.

Fed.R.Civ.P. 15(a) provides in relevant part as follows:

A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

In deciding whether the grant a motion to amend, the court considers a number of factors, including

1  undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously
2  allowed, undue prejudice to opposing parties, harm to the movant if leave is not granted, and futility of the
3  amendment. *Foman v. Davis*, 37 U.S. 178, 182 (1962); *Martinez v. Newport Beach City*, 125 F.3d 777,
4  785 (9th Cir. 1997).  The court may deny a motion to amend if amendment of the complaint would be futile.
5  *See Nunes v. Ashcroft,* 348 F.3d 815, 818 (9th Cir.2003);  *Johnson v. Buckley,* 356 F.3d 1067, 1077 (9th
6  Cir.2004).

7       The doctrine of *res judicata*, or claim preclusion, bars any future claims that were raised, or could
8  have been raised, in a prior action.  *Owens v. Kaiser Foundation Health Plan, Inc*., 244 F.3d 708, 713 (9th
9  Cir. 2001).  In order to bar a later suit under the doctrine of res judicata, an adjudication must (1) involve
10 the same claim as the later suit, (2) have reached a final judgment on the merits, and (3) involve the same
11 parties or their privies.  *Blonder-Tongue Laboratories v. Univ. of Ill. Found.*, 402 U.S. 313, 323-24 (1971);
12 *Davis Wright & Jones v. National Union Fire Ins. Co.*, 709 F.Supp. 196 (W.D.Wa.1989), *aff'd,*  897 F.2d
13 1021 (9th Cir.1990).

14      In this case, plaintiffs are attempting to litigate claims that were already litigated in C06-5098RBL.
15 First, the factual allegations against the defendants in this case are the same as were litigated in C06-
16 5098RBL. Moreover, in C06-5098RBL, plaintiffs plead a cause of action for violation of the WLAD, RCW
17 49.60. State law claims for negligence and aiding and abetting under the WLAD could have been brought in
18 C06-5098RBL, since these claims are apparently based upon the identical facts alleged in C06-5098RBL.

19      Second, final judgment was reached on the merits of the claims plaintiffs are attempting to pursue in
20 this case when Judge Leighton dismissed the claims in C06-5098RBL with prejudice on April 2, 2007.
21 Plaintiffs apparently intend to argue that only the federal claims were dismissed with prejudice in C06-
22 5098RBL. This position is contrary to the language in the April 2, 2007 Order on Voluntary Non-Suit with
23 Prejudice.  C06-5098RBL, Dkt. 104. That order dismissed the federal claims "and all remaining claims in
24 this cause" with prejudice.  *Id.*  A final judgment was reached on the merits, since voluntary dismissal with
25 prejudice has the effect of a final judgment on the merits. *Clark v. Haas Group, Inc.*, 953 F.2d 1238, 1238
26 (10th Cir.), *cert denied*, 113 S.Ct. 98 (1992); *Samuels v. Northern Telecom, Inc*., 942 F.2d 834, 836 (2nd
27 Cir. 1991); *Beard v. Sheet Metal Workers Union, Local 150*, 908 F.2d 474, 477 n. 3 (9th Cir. 1990).

28      Third, the same parties are involved in this case as were involved in C06-5098RBL. In C06-

1  5098RBL, plaintiffs sued several of the current defendants as well as unnamed Doe defendants, who are
2  apparently now identified as defendants in the case before this court.  Plaintiffs had the opportunity in C06-
3  5098RBL to name these defendants by a date set by the court in C06-5098RBL, but did not do so. The
4  additional defendants plaintiffs are attempting to name in this case were apparently the same people who
5  were involved in C06-5098RBL. At the very least, claims against the newly named defendants could have
6  been raised in C06-5098RBL, since the factual allegations in both C06-5098RBL and this case are virtually
7  identical.

8  The proposed amended complaint appears to be barred by *res judicata*.  The court should deny
9  plaintiffs' motion to amend the complaint as futile, with the exception, as discussed above, that the motion
10 to amend should granted as to the claims of Amy Howard. The court should also deny plaintiffs' motion to
11 remand with respect to all plaintiffs other than Amy Howard.

12 Defendants request that the court dismiss this case as barred by *res judicata*.  Since this request was
13 made in a response, the request should not be granted in this order.  However, plaintiffs may show cause
14 why this case should not be dismissed.

15 Therefore, it is hereby

16 **ORDERED** that the motion of Amy Howard to file an amended complaint (Dkt. 5) is **GRANTED**.
17 The proposed Amended Complaint for Damages and Injunctive Relief (Dkt. 6) is **ACCEPTED FOR**
18 **FILING**, on behalf of plaintiff Amy Howard only.  The motion to file an amended complaint by the
19 remaining plaintiffs in this case (Dkt. 5) is **DENIED**.  Plaintiffs' motion to remand (Dkt. 5) is **DENIED**,
20 with the exception of the claims of Amy Howard.  Not later than July 13, 2007, the parties are **ORDERED**
21 **TO SHOW CAUSE**, if any they may have, in writing, why this case should not be dismissed, with the
22 exception of the claims of plaintiff Amy Howard.  If the parties fail to respond to this order to show cause,
23 or if they otherwise fail to show cause, the court will remand plaintiff Amy Howard's claims, as set forth in
24 the Amended Complaint for Damages and Injunctive Relief, to state court and will dismiss the claims of the
25 remaining plaintiffs, as set forth in the original complaint, with prejudice.

26
27
28

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 2nd day of July, 2007.

Robert J. Bryan
United States District Judge