UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALFREDO LONGORIA and JUNE LONGORIA, a married couple, et al.,<br><br>Plaintiff,<br><br>v.<br><br>HAROLD CLARKE, Secretary, Department of Corrections, et al.,<br><br>Defendant. | Case No. C07-5275RJB<br><br>ORDER |

This matter comes before the court on the court's July 2, 2007 order to show cause. Dkt. 11. The court has considered the relevant documents, and the remainder of the file herein.

July 2, 2007, the court issued an order, accepting for filing the proposed Amended Complaint for Damages (Dkt. 6) on behalf of plaintiff Amy Howard only; denying the remaining plaintiffs' motion to file an amended complaint; and directing the parties, not later than July 13, 2007, to show cause, in writing, why this case should not be dismissed, with the exception of the claims of plaintiff Amy Howard. Dkt. 11. The order also informed the parties that, if the failed to respond to this order to show cause, or if they otherwise failed to show cause, the court would remand plaintiff Amy Howard's claims, as set forth in the Amended Complaint for Damages and Injunctive Relief, to state court and would dismiss the claims of the remaining plaintiffs, as set forth in the original complaint, with prejudice. *Id.*

ORDER
Page - 1

On July 12, 2007, plaintiffs filed a response to the order to show cause, contending that the complaint in this case, filed in Thurston County Superior Court, alleged a cause of action for negligent supervision and a cause of action under RCW 49.60.220 that are separate and distinct from the state claims that were dismissed with prejudice in C06-5098RBL. Dkt. 12.  The court addressed this issue in the July 2, 2007 order, as follows:

> The doctrine of *res judicata*, or claim preclusion, bars any future claims that were raised, or could have been raised, in a prior action. *Owens v. Kaiser Foundation Health Plan, Inc*., 244 F.3d 708, 713 (9th Cir. 2001).  In order to bar a later suit under the doctrine of res judicata, an adjudication must (1) involve the same claim as the later suit, (2) have reached a final judgment on the merits, and (3) involve the same parties or their privies. *Blonder-Tongue Laboratories v. Univ. of Ill. Found.*, 402 U.S. 313, 323-24 (1971);  *Davis Wright & Jones v. National Union Fire Ins. Co.*, 709 F.Supp. 196 (W.D.Wa.1989), *aff'd,* 897 F.2d 1021 (9th Cir.1990).
>
> In this case, plaintiffs are attempting to litigate claims that were already litigated in C06-5098RBL. First, the factual allegations against the defendants in this case are the same as were litigated in C06-5098RBL. Moreover, in C06-5098RBL, plaintiffs plead a cause of action for violation of the WLAD, RCW 49.60. State law claims for negligence and aiding and abetting under the WLAD could have been brought in C06-5098RBL, since these claims are apparently based upon the identical facts alleged in C06-5098RBL.

Dkt. 11, at 6.

Even assuming the state law claims for negligence and for violation of RCW 49.60.200 that plaintiffs are attempting to bring in the current action allege claims that have different elements than the state claims that were dismissed with prejudice in C06-5098RBL, these "new" claims are based upon the same facts as those involved in C06-5098RBL.  These claims for negligence and for violation of RCW 49.60.200 could have been brought in C06-5098RBL.  Plaintiffs' attempt to bring them anew in the current action is barred by *res judicata*.

Accordingly, the court should remand the claims of Amy Howard to state court and should dismiss the claims of the remaining plaintiffs with prejudice.

Therefore, it is hereby

**ORDERED** that the claims of Amy Howard, as set forth in the Amended Complaint for Damages and Injunctive Relief (Dkt. 6), are **REMANDED** Thurston County Superior Court.  The claims of the remaining plaintiffs are **DISMISSED WITH PREJUDICE**.

1    The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any
2 party appearing *pro se* at said party's last known address. The Clerk is further directed to send certified
3 copies of this order to the Clerk of the Court for Thurston County Superior Court.
4    DATED this 23rd day of July, 2007.

_____
ROBERT J. BRYAN
United States District Judge

ORDER
Page - 3